98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. ALEXANDER, M.D., Plaintiff-Appellant,
v.
Phillip M. MARGOLIS, M.D., et al., Defendants-Appellees.
 No. 95-2375.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: BROWN, KENNEDY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert L. Alexander, a Michigan citizen proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1988, and 12132 (Americans with Disabilities Act, hereinafter ADA). Named as defendants are members of the Michigan State Board of Medicine (Board), staff members in the Department of Commerce, and an administrative law judge. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his civil rights complaint filed August 2, 1993, Alexander alleged that the actions of the Michigan Board of Medicine in the revocation of, and the denial of reinstatement of, his medical license, constituted a violation of the ADA as well as a violation of his equal protection and due process rights. Alexander sought solely damages.
 
 
 3
 The defendants filed a motion to dismiss. Because the district court considered matters outside the pleadings, the court treated the defendants' motion to dismiss as a motion for summary judgment, and granted the defendants' motion in an opinion and order filed November 2, 1995. This timely appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Alexander sued the defendants in their official capacities for which monetary relief is not available. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Moreover, the defendant Board members cannot be sued because they enjoy quasi-judicial immunity. Although members of the Michigan State Board of Medicine are not themselves judges, they perform functions that are equivalent to the job performed by prosecutors and judges in court proceedings. See Burns v. Reed, 500 U.S. 478, 485-86 (1991); Watts v. Burkhart, 978 F.2d 269, 275 (6th Cir.1992). As a result, they are subject to quasi-judicial immunity from Alexander's suit.
 
 
 5
 Even assuming that the ADA does apply to decisions of this sort, we conclude that Alexander has not established that he is a "qualified individual with a disability" under the ADA. See 42 U.S.C. § 12131(2).
 
 
 6
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.